Timothy M. Stubson (Bar #6-3144)
Mistee L. Elliott (Bar #6-3540)
Crowley Fleck, PLLP
111 W. 2nd, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>EX REL. MARK GASKILL<br><br>Plaintiffs,<br><br>v.<br><br>DR. GIBSON CONDIE; BIG HORN BASIN MENTAL HEALTH GROUP; NORTHWEST COMMUNITY ACTION PROGRAM OF WYOMING, INC. AKA (NOWCAP); ACUMEN FISCAL AGENT<br><br>Defendants. | ) | Civil Action No: 1:16-cv-00201-ABJ |

---

**REPLY TO PLAINTIFF-RELATOR'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS (NOWCAP)**

Defendant Northwest Community Action Program of Wyoming, Inc. ("NOWCAP"), through its counsel Crowley Fleck, PLLP, hereby submits its reply to Plaintiff-Relator's Memorandum in Opposition to Motion to Dismiss (NOWCAP), advising the Court as follows:

**I. Fed. R. Civ. P. 12(b)(6) governs dismissal under the Fair Claims Act.**

As Plaintiff noted in its response brief, the Fair Claims Act ("FCA") was revised in 2010, in part to change the language in 31 U.S.C. § 3730(e)(4) from "no court shall have jurisdiction" to "the court shall dismiss an action." Despite Plaintiff's implication to the contrary, courts are actually split on whether a jurisdictional bar still exists. As Plaintiff recognized, the Tenth Circuit

has not addressed the issue. However, there are numerous courts who have held that the jurisdictional bar remains. *See e.g. U.S. ex rel. Kester v. Novartis Pharmaceuticals*, 43 F.Supp. 3d 332 (S.D.N.Y. 2014) ("[T]he 2010 amendment to Section 3730(e)(4)(A) did not alter the jurisdictional nature of the public disclosure bar. If the elements of the public disclosure bar are met, this Court lacks jurisdiction to consider the Relator's FCA claims.).

Regardless, Rule 12(b)(6) governs dismissal in this case. As explained by NOWCAP in its initial briefing, Rule 12(b)(6) applies because the resolution of the jurisdictional question under the FCA is intertwined with the merits. *See Haworth v. United States*, 2010 WL 11597876, *2 (D.Wyo. July 12, 2010). On this issue, the Tenth Circuit has elaborated as follows:

> In a *qui tam* suit brought under the FCA, the jurisdictional issue of "public disclosure" clearly arises out of the same statute that creates the cause of action. Thus, a challenge under the FCA jurisdictional bar is necessarily intertwined with the merits. Under our precedent, such "intertwined" jurisdictional questions should be resolved either under Federal Rule of Civil Procedure 12(b)(6), or, after proper conversion into a motion for summary judgment, under Rule 56.

*U.S. ex rel. Ramseyer v. Century Healthcare Corporation*, 90 F.3d 1514, 1518 (10th Cir. 1996), *citing Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Redmon ex rel. Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991). Thus, whether a jurisdictional bar remains or not, the question of dismissal is governed by Rule 12(b)(6), which "tests whether the plaintiff has properly stated a claim upon which relief may be granted." *U.S. ex rel. Digital Healthcare, Inc. v. Affiliated Computer Services, Inc.*, 778 F.Supp.2d 37, 43 (D.D.C. 2011) ("plaintiff must furnish more than labels and conclusions or a formulaic recitation of the elements of a cause of action").

As explained in NOWCAP's initial briefing, and further discussed below, this standard has not been met and Plaintiff's claims against NOWCAP must be dismissed.

**II. The public disclosure bar precludes Plaintiff's claims against NOWCAP.**

Plaintiff fails to acknowledge that a public disclosure occurred in this case. Referring only to Plaintiff's initial disclosure of information to the Government regarding the alleged fraudulent conduct of the Defendants, Plaintiff asserts that this type of disclosure is not a "public disclosure" under the FCA. Whether or not this is the case may be subject to further factual development of the nature of the Government's investigation.[1] Regardless, a public disclosure under the FCA unquestionably occurred when Defendant Condie was indicted and then later convicted of healthcare fraud for conduct that Plaintiff admits provides the basis for his claims. *See* 31 U.S.C. § 3730(e)(4)(A)(i); s*ee also U.S. ex rel. Kester*, 43 F.Supp.3d at 346-347 (federal criminal court filings are public disclosures), *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F.Supp.2d 282 (S.D.N.Y. 2013) (criminal indictment is public disclosure). This criminal prosecution occurred prior to Plaintiff's filing of the Amended Complaint, which is the operative pleading in this matter. *See e.g., Wellness Community-National v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case…. [T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading.") Thus, the inquiry into whether or not the public disclosure bar applies in this case is properly decided in reference to the Amended Complaint.

Having established that a public disclosure occurred, the next step in the analysis is to determine whether substantially the same allegations from the public disclosure are made in

[1] A public disclosure can occur in a Federal investigation, which likely occurred here and led to the conviction of Defendant Condie. *See* 31 U.S.C. § 3730(e)(4)(A)(ii). Further, Plaintiff's initial disclosure of information regarding alleged fraudulent conduct is not irrelevant. It is part of the analysis in determining whether Plaintiff is an original source that can pursue a *qui tam* action after a public disclosure has been made. *See* 31 U.S.C. § 3730(e)(4)(B).

Plaintiff's Amended Complaint, and if so, whether Plaintiff is an original source. *See United States ex rel. Reed v. Keypoint Government Solutions*, 2017 WL 6033682, *4 (D.Colo. Sept. 28, 2017), *citing U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004). "The purpose of this provision is to prevent *qui tam* relators from recovering where the government has already identified a problem and has an easily identifiable group of probable offenders." *Id.* at *5, *citing U.S. ex rel. Wright v. Cleo Wallace Centers*, 132 F.Supp.2d 913, 922 (D.Colo. 2000). Specific to NOWCAP, the key question is "whether the gravamen of the allegations in this lawsuit was previously disclosed to the public such that the government has already been sufficiently alerted to [NOWCAP's] alleged misconduct or set on the trail of its fraud." *Id., citing U.S. ex rel. Wright*, 132 F.Supp.2d at 923 (internal quotations omitted).

Looking to the allegations in the Amended Complaint, it is clear that NOWCAP's alleged misconduct is tied directly to that of Defendant Condie, and according to Plaintiff, Condie was convicted for the same misconduct relied upon by Plaintiff to support his claims. *See generally* Am. Comp. Thus, the allegations in the Amended Complaint are, by Plaintiff's own admission, substantially similar to the allegations in the public disclosure, and would have sufficiently alerted the Government to the alleged involvement of NOWCAP in Condie's scheme. At this point, and as recognized in NOWCAP's prior briefing, Plaintiff's claims against NOWCAP can only go forward if Plaintiff is an original source. 31 U.S.C. § 3730(e)(4)(A)(i).

As NOWCAP previously explained, Plaintiff is not an original source because his disclosure of the alleged fraud to the Government was not voluntary under U.S.C. § 3730(e)(4)(B). To dispute this, Plaintiff relies upon a Tenth Circuit decision holding that under the proper circumstances, federal employees are not precluded from acting as relators. *See U.S. ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 540 F.3d 1180, 1184 (10th Cir. 2008). However, the

Tenth Circuit further recognized that this is only the case if there has been no public disclosure. *Id.* Because there was no public disclosure in *Maxwell*, the court did not have to employ the "original source" analysis, which is where the "voluntary" question comes into play. Thus, *Maxwell* is distinguishable from the instant case in that it does not address whether or not information disclosed by the federal employee was voluntary under the FCA.

In sum, Plaintiff is pursuing claims against NOWCAP that the Government has already been sufficiently alerted to. Because Plaintiff does not qualify as an original source of the information supporting these claims, dismissal is appropriate under the public disclosure bar of the FCA. This crucial part of the framework of the FCA is meant to "encourage[] insiders to expose fraudulent conduct, but does not reward relators who seek to profit by bringing suits to complain of fraud that has already been publicly disclosed." *United States ex rel. Folliard v. Comstor Corp.*, --- F.Supp.3d ---, 2018 WL 1567620, *7 (D.D.C. Mar. 31, 2018).

**III. Plaintiff has failed to plead fraud with sufficient particularity.**

Despite Plaintiff's assertions to the contrary, the allegations of fraud in the Amended Complaint fail to satisfy the strict pleading requirements of Fed. R. Civ. P. 9(b). As explained in NOWCAP's initial briefing, neither the kickback scheme nor the violation of the FCA are described with sufficient particularity.

Regarding the kickback scheme, Plaintiff is required to identify, among other things, the names of NOWCAP's employees who allegedly negotiated the incentives with Defendant Condie, <u>precisely</u> what the incentives were, <u>why</u> they were provided, and <u>why</u> they were illegal. *See United States v. Choudry*, 262 F.Supp.3d 1299, 1306-1307 (M.D.Fla. 2017). Plaintiff has failed to provide any of this information. Further, Plaintiff includes allegations regarding incentives that rest solely on information and belief (Am.Compl. ¶ 57), which is wholly deficient. *Id.* at 1307. He also relies

upon vague allegations of the existence of a service relationship between Defendant Condie and NOWCAP beginning prior to 2011 (Am. Comp. ¶ 53), but includes no specific facts to support this allegation and no detail as to how this alleged relationship was part of an unlawful kickback scheme. *See id.* at 1308 (must include specific facts to support allegations of kickback scheme); *see also U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (must show specifics of a fraudulent scheme).

Regarding the FCA claims, Plaintiff's attempt to describe the "who", "what", "where", "when", or "how" still falls far short of the requirements of Rule 9(b), and emphasizes the very general and vague nature of Plaintiff's allegations overall. Plaintiff's allegations do not describe "exact billing data", nor does Plaintiff include "a representative sample claim" to establish that a false claim was submitted. *See Coudry*, 262 F.Supp.3d at 1308. Also, in many allegations, Plaintiff improperly lumps defendants together and does not separately inform each defendant of the allegations surrounding its alleged participation in the fraud (Am. Compl. ¶¶ 67-84). *United States ex rel. Fryberger v. Kiewit Pacific Company*, 41 F.Supp.3d 796, 810 (N.D.Calif. 2014). These deficiencies in the Amended Complaint warrant dismissal.

## IV. Conclusion.

Plaintiff has failed to meet his burden under Fed. R. Civ. P. 12(b)(6) to show that his claims against NOWCAP are not subject to dismissal pursuant to the public disclosure bar of the FCA. In the alternative, Plaintiff has failed to plead his claims against NOWCAP with sufficient particularity under Fed. R. Civ. P. 9(b).

WHEREFORE, NOWCAP respectfully requests that its motion to dismiss be granted and that the Court grant such other and further relief as it deems appropriate.

Dated this 24th day of July, 2018.

CROWLEY FLECK PLLP

/s/ Mistee L. Elliott
TIMOTHY M. STUBSON (Bar #6-3144)
MISTEE L. ELLIOTT (Bar #6-3540)
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
307-265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com

Attorneys for Defendant NOWCAP

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 24th day of July, 2018, a true and correct copy of the foregoing document was served on the following via CM/ECF, the Court's electronic transmission system:

R. Michael Shickich
LAW OFFICES OF R. MICHAEL SHICKICH, LLC
1204 East 2nd Street
Casper, WY 82601
rms@injuryfirm.net

Robert D. Sherlock
EISENBERG, GILCHRIST & CUTT
215 South State Street, Suite 900
Salt Lake City, Utah 84111
rsherlock@egclegal.com

and to the following via United States Mail:

Mark A. Klaasen
United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668

CROWLEY FLECK PLLP,

/s/ Mistee L. Elliott
Timothy M. Stubson, (Bar #6-3144)
Mistee Elliott (Bar #6-3540)
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
(307) 232-6901
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP