Lance E. Shurtleff, Esq., WSB# 6-3794
Christine Stickley, WSB# 6-3533
Hall & Evans, LLC
866 N. 4th Street, Suite 3
Laramie, Wyoming 82072
Shurtleff:   (307) 514-0985
Stickley:    (307) 460-3928
Facsimile: (307) 514-2568
shurtleffl@hallevans.com
stickleyc@hallevans.com

David Robbins, Esq. (admitted *pro hac vice*)
Perkins Coie, LLP,
1201 Third Avenue, Suite 4900,
Seattle, Washington 98101
Telephone: (206) 359-6745
Facsimile: (206) 359-7745
E-mail: DRobbins@perkinscoie.com

**ATTORNEYS FOR DEFENDANT
ACUMEN FISCAL AGENT**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MARK GASKILL, <br><br>  Plaintiffs, <br><br> vs. <br><br> DR. GIBSON CONDIE; BIG HORN BASIN MENTAL HEALTH GROUP; NORTHWEST COMMUNITY ACTION PROGRAM OF WYOMING, INC. AKA (NOWCAP); and ACUMEN FISCAL AGENT, <br><br>  Defendants. | Civil Action No.: 1:16-cv-00201-ABJ |

### BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST ACUMEN FISCAL AGENT, LLC FOR FAILURE TO PLEAD WITH PARTICULARITY

Defendant, Acumen Fiscal Agent, LLC ("Acumen"), through its attorneys, Lance E. Shurtleff and Christine Stickley of Hall & Evans, LLC, and David Robbins of Perkins Coie, LLP, submits the following Brief in Support of its Motion to Dismiss Claims Against Acumen Fiscal Agent for Failure to Plead with Particularity.

### I.   SUMMARY OF ARGUMENT

In this qui tam action, Relator, Mark Gaskill (Gaskill) purports to assert claims against Acumen pursuant to 31 U.S.C. § 3729(a)(1)(A), and asserts that Acumen presented false claims for payment in violation of the Federal False Claims Act. Yet, the Amended Complaint alleges a pervasive fraudulent scheme without any specification of who was involved or how it was implemented. This is a complaint that alleges provision of services to Medicaid beneficiaries by

unauthorized providers, but fails to identify a single such provider, a single such beneficiary or a single such service. Finally, this is a complaint that alleges the submission of millions of dollars in false claims but fails to identify a single such claim. Gaskill's action fails meet the heightened pleading requirements required of False Claims Act actions. Therefore, dismissal of his claims, in which the government declined intervention, against Acumen is appropriate.

## II.     INTRODUCTION

The federal False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, imposes civil liability when a person "knowingly presents, or causes to be presented, [to the government] a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). The FCA *qui tam* provisions allow an individual, termed a "relator", to sue on behalf of the government. *Id.* at § 3730(b). Gaskill, as Relator, filed his Amended Complaint on May 29, 2018, in which he claims in general terms that Defendant Acumen knowingly disregarded provider enrollment requirements, thereby causing the submission of false claims or claims in reckless disregard of highly material federal and state regulatory obligations for services to be provided by enrolled providers. In general terms, Gaskill further claims that Acumen submitted false claims for non-covered services and services barred from payment under applicable regulations. After investigating these vague allegations, the United States declined to intervene in this action. *See* Doc. No. 15.

Gaskill's general statements alleging fraud committed by Acumen lack the particularity required of FCA pleadings pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Mr. Gaskill's Amended Complaint should be dismissed as to Acumen.

## III.    AMENDED COMPLAINT FACTUAL ALLEGATIONS AGAINST ACUMEN

Gaskill originally filed his *qui tam* False Claims Act Complaint on July 15, 2016. Gaskill filed his Amended Complaint on May 29, 2018, in which he claims, in general terms, that Defendant Acumen knowingly paid certain unidentified providers of Medicaid services with funds paid by the state of Wyoming despite that these unidentified providers had not enrolled with the Wyoming Medicaid program, and that Acumen in unspecified fashion either knowingly caused the submission of unidentified false claims or recklessly disregarded the truth or falsity of such unidentified claims in alleged derogation of its unidentified federal or state "regulatory obligations." Am. Compl. ¶¶ 59-65. Doc. No. 16 at 22-24.

2

When considering a case for dismissal pursuant to Rule 9(b) for failure to plead with particularity, the analysis is confined to the text of the complaint and all well-pleaded facts, as distinguished from conclusory allegations, are accepted as true. *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726 (10th Cir. 2006). Assuming solely for purposes of this motion that the facts alleged by Gaskill to be true, Acumen functioned as a Medicaid provider under a Provider Agreement with Wyoming Medicaid and performed services as a Fiscal Employer Agent for Wyoming Medicaid "handling home and community based self-directed care funds." Am. Compl. ¶¶ 13-14. Self-directed care services are waiver services and are included in the approved Wyoming Medicaid Home and Community Based Services (HCBS) waiver. *Id.* at ¶¶ 35, 38. Such services enable the elderly, disabled, and chronically mentally ill persons to live in the community who would otherwise be placed in an institution. *Id.*

Self-directed care services allow covered individuals to "select, direct, and manage their needed services and support, after and only to the extent it is identified in an individualized service plan and budget plan." *Id.* at ¶ 38. "In Wyoming a Fiscal Agent serves as an intermediary, performing the services usually performed by the employer with respect to the employee and in turn receiving an administrative fee for assuring all payroll and regulatory requirements incumbent on a Medicaid provider are fulfilled." *Id.*

Any person who furnishes Medicaid-compensated services to a beneficiary is a provider and must be formally enrolled with Wyoming Medicaid. *Id.* at ¶¶ 39-40. They must be enrolled because Medicaid payments are made only to enrolled providers. *Id.* at ¶ 41. By federal regulation, the state of Wyoming Medicaid agency is required to perform risk-based screening of all Medicaid providers and verify enrollment of, and complete such screening on, all applications for enrollment based on their vulnerability to improper payments. *Id.* at ¶¶ 42-43; see 42 CFR 455.410, 455.450. Acumen and the providers it serviced are considered "moderate" risk providers because they are highly dependent on Medicaid to pay salaries and other operating expenses that are not subject to additional government or professional oversight. *Id.* at ¶ 44.

Gaskill allegedly learned of Acumen's transgressions while employed by the State of Wyoming as the Quality Assurance and Program Integrity Manager for the Wyoming Department of Health, Division of Health Care Financing (i.e., Wyoming Medicaid), Program Integrity. *Id.* at ¶ 7.

### III.     LEGAL STANDARD

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The FCA prohibits the knowing presentation to the federal government of a false or fraudulent claim for payment or approval, and knowingly making or using a false record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A) & (B). To show an FCA violation, Relator must prove: (1) a false or fraudulent claim, (2) material to the government's payment decision, (3) that was presented for payment, (4) with knowledge that the claim was false or fraudulent. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016). Such claims must be pled "with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b)." *Escobar*, 136 S. Ct. at 2004, n.6 (2016). The wrongful activities and underlying schemes that result in the submission of fraudulent claims are part of the "circumstances constituting the fraud or mistake" and must be linked to allegations of the actual false claims to meet the particularity required under Rule 9(b). *Sikkenga* 472 F.3d at 726.

The courts have recognized the purposes of applying Rule 9(b) to FCA cases as: (1) allowing the defendant with enough notice to allow for the development of a defense against the charges; (2) eliminating actions in which the facts are learned through fishing-expedition discovery; (3) safeguarding defendants against frivolous claims of moral turpitude; (4) protecting defendants' reputation and goodwill; and (5) forbidding plaintiffs from imposing the costs of such litigation upon the courts, the parties and society absent a factual basis. See 2 Boese, Civil False Claims and Qui Tam Actions, (4th Ed. Wolters Kluwer 2018) at 5-65-5-66 (cases cited therein).

To meet the Rule 9(b) heightened pleading requirement, the Tenth Circuit has recognized that:

> a relator must provide details that identify particular false claims for payment that were submitted to the government. In a case such as this, details concerning the dates of the claims, the content of the forms or the bills submitted, their identification numbers, the amount of money charged to the government, the particular goods and services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices are the types of information that may help a relator to state his or her claims with particularity. These details do not constitute a checklist of mandatory requirements that must be satisfied for each allegation included in a complaint. However, like the Eleventh Circuit, we believe that some of this information, for at least some of the claims must be pleaded in order to satisfy Rule 9(b).

*Sikkenga* 472 F.3d at 727-728 (quoting *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232-233 (1st Cir. 2004)).

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009)(quoting *Karvelas,* 360 F.3d at 726-727). Rule 9(b) "requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730 (10th Cir. 2018)(quoting *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012)). Therefore, an FCA complaint must, at a minimum, "show the **specifics** of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010)(emphasis added).

## IV.    ARGUMENT

Fed. R. Civ. P. 9(b) requires dismissal of Relator's claims. While Relator makes some vague and speculative statements about Acumen, its function, and its actions, he utterly fails to make any specific allegations regarding the alleged fraud that Acumen is accused of perpetrating.

The FCA claims asserted against Acumen appear in Gaskill's Fourth and Fifth Claims for Relief and state that: 1) Acumen, when submitting bills to Wyoming Medicaid, knowingly, or in reckless disregard of the truth, submitted false records or statements to Wyoming Medicaid that self-directed services were provided in compliance with Wyoming Medicaid requirements that all providers be enrolled; and 2) Acumen submitted claims to the State of Wyoming for non-covered services or services barred from payment causing Wyoming Medicaid to submit false certifications to the federal government. *Id.* at ¶ 86-93. The Amended Complaint, though, is devoid of any identified non-compliant claims, the allegedly false entries or certifications in such claims that relator alleges are "express and implied" (*Id.* at ¶ 89), the legal basis for the alleged noncompliance, the beneficiaries involved, the services allegedly provided, the allegedly unenrolled providers, what obligations Acumen had relative to the providers given that it assumed only unspecified ("some") responsibilities of the servicing them (*Id.* at ¶ 59) and how, given

5

Wyoming Medicaid agency's alleged regulatory obligation to enroll and screen service providers, there was any obligation on Acumen's part to undertake that State enrollment or verification role.

Gaskill alleges that anyone providing a Medicaid service is required to be enrolled as a provider.[1] *Id.* at ¶¶ 39-40. As to self-directed services, Gaskill provides one short paragraph with a general description. See *Id.* at ¶ 38. That short paragraph provides information such as, "self-direction is only a *service delivery mechanism*" and "covered individuals select, direct, and manage their needed services and support." What is missing is any identification or description of an alleged self-directed service or benefit for which Acumen billed Wyoming Medicaid or a link connecting those self-directed benefits to an actual Medicaid service, claim or billing code. Also missing are any identified rules and regulations regarding self-direct care assistants and a description of their relationship, if any, to Medicaid, Acumen or the services provided that would require them to be enrolled. A bald allegation that self-directed services are Medicaid services and any providers of such are required to be enrolled as providers does not provide enough specificity to meet the Rule 9(b) requirements or put Acumen on notice of the claims made against them to adequately defend those claims.

There are also no facts alleged that identify: 1) any of the alleged self-directed care assistants providing the unknown Medicaid services that were fraudulently billed; 2) any dates services were provided; 3) any recipients of the unenrolled Medicaid services; 4) any indication of an actual false statement Acumen made to Medicaid stating that self-help assistants were enrolled as providers; and 5) any Acumen employees involved in the submission of such claims. In fact, there is no specification of which individuals affiliated with Acumen were or were not enrolled with Medicaid for whom claims were allegedly submitted or paid. Nor is there any identification of how and why the alleged fraudulent scheme was implemented or by whom. Indeed, there is no basis to understand how the Relator's allegations pertain to anything more than assertions of negligence or garden-variety regulatory noncompliance - not fraud. See, *U.S. ex rel. Connor v. Salina Reg. Health Ctr.* 543 F.3d 1211, 1222 (10th Cir. 2008) (citing with approval *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1267 (9th Cir. 1996))("[m]ere regulatory violations do not give rise to a viable FCA action."). Further, while Gaskill alleges that Acumen failed to abide by

---

[1] Gaskill recognizes that "Provider" is defined as "any individual or entity furnishing Medicaid services under a provider agreement with the Medicaid agency." Am. Compl. ¶ 40.

"highly material requirements" of Wyoming Medicaid, Gaskill fails to identify the source for those requirements and why they are material to payment, particularly insofar as the Wyoming Medicaid program itself is alleged to be regulatorily obligated to enroll and verify the enrollment of the individuals it deems necessary to enroll.[2] All of this information is required to satisfy Rule 9(b) as the Tenth Circuit specified in *Sikkenga*. 472 F.3d at 727-728. It is also impossible to understand how Acumen could develop its defenses without such basic information.

In *Sikkenga*, the Tenth Circuit affirmed dismissal of the relator's complaint for failure to plead fraud with particularity pursuant to Rule 9(b). The relator in that case attached a copy of the contract between the defendant and the government and then made conclusory allegations regarding fraudulent inducement and how the defendant would have been paid under the contract for that inducement. The Tenth Circuit found that was not enough noting that a central element of every FCA case is the presentation of a fraudulent and false claim to the government and the failure to include any factual allegations supporting the submittal of those claims in the form of a specific claim presented to the government warranted dismissal for lack of specificity. *Id.* at 727.

Similarly, the Tenth Circuit in *United States ex rel. Lacy v. New Horizons, Inc.*, found that the relator failed to plead with required specificity under Rule 9(b) when she simply alleged "every" claim during a broad time period of 1999 through 2004 with "no single instance of a particular false claim [] alleged that would be representative of the class described." 348 F. App'x at 425. The Tenth Circuit explained that, without specificity as to a particular false claim, the complaint fails to meet the basic "stating enough facts to state a claim for relief is plausible on its face" test set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Id.* at 424. Without specificity, the only conclusion to be drawn is that the defendant submitted "patently improper bills for years without making any attempt to conceal its fraud and without attracting even the slightest attention from the agencies assigned to pay them." *Id.* at 426. The court recognized that the relator's broad allegations contained in the complaint explained neither that implausibility nor identified any specific examples demonstrating what was altered or misstated on the billings submitted and, therefore, failed to plead with the particularity required under Rule 9(b).

---

[2] The United States Supreme Court emphasized the importance of the materiality requirement as an element of an FCA claim in its seminal decision in *Universal Health Services., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016), holding that it is "demanding" and "rigorous," and that "strict enforcement" is necessary to address concerns about open-ended liability and fair notice. *Id.* at 2002-03.

Gaskill claims that Acumen directly paid the self-directed care assistants "in reckless disregard" of its obligation to not pay them unless they were an enrolled provider with Medicaid and that "each such claim by Acumen to Wyoming Medicaid" was "knowingly and intentionally false, or was submitted in reckless disregard" of the requirement to be enrolled. Those broad claims are strikingly similar to the allegations found to be deficient in *Lacy*. As in *Lacy,* without specific information relating to who was paid, what was paid, what the knowing and intentional false billing entailed, and who made the claims, Gaskill's broad allegations in his Amended Complaint fail to meet the heightened pleading requirements of Rule 9(b).

In the *Lemmon* case, the Tenth Circuit upheld a complaint that complied with the 'who, what, when, where and how' of the alleged fraud. 614 F.3d at 1173. In the *Lemmon* complaint, the relator alleged the names and positions of employees who observed the contract-and-regulation-breaching activity, the names of supervisors to whom they reported, and the names of the employees responsible for submitting the false claims to satisfy the 'who' requirement. *Id.* at 1172. To satisfy the 'what' requirement, the relator listed payment requests submitted, including the date of submission, the amount sought, and the express certification contained in each request when applicable. *Id.* For 'when,' relator documented the dates of specific violations and the dates payment requests were submitted. *Id*. And as to 'how,' "the relator included extensive factual detail regarding how the violations occurred, adding, in many instances, the conduct that led to the violation, the reason the result constituted a violation, and a description of the effect of the violation." *Id.* Gaskill offers no such specifics as to the 'who, what, when, where and how' of his allegations. Unlike the *Lemmon* complaint, Gaskill's complaint alleges a scheme so vague that the defendants are left to guess as to the 'who, what, when, where and how' of Acumen's alleged fraud.

Gaskill's Amended Complaint begins with cursory allegations that Acumen is an enrolled Medicaid provider that provides fiscal payroll services acting as an intermediary distributing funds between Medicaid and self-directed care assistants. Am. Compl. ¶ 59-60. The allegations continue with statements that all treating Medicaid providers must be enrolled. *Id.* at ¶¶ 39-40. Gaskill then takes the enormous and unadorned leap that Acumen made unspecified false statements to obtain payment from Medicaid for services provided by unidentified self-directed care assistants that were not enrolled in Medicaid. *Id.* at ¶¶ 59-60, 65, and 86. The leap taken

8

misses the vital pieces of information required in *qui tam* actions to meet the particularity requirements of Rule 9(b).

Further, other than a general mention of Acumen being an enrolled provider, Gaskill reveals no information regarding any obligation that Acumen assumed by law or contract relative to its alleged responsibility to enroll or verify the enrollment of the individuals who rendered the services that Gaskill alleged were provided to the unidentified Medicaid beneficiaries. In fact, Gaskill admits that Acumen was merely a payroll provider that acts as a fiscal intermediary to the self-care providers. Gaskill offers no alleged support for the notion that a fiscal intermediary has responsibility to Medicaid for knowledge of who is enrolled, for what reason they are enrolled, and what certifications of such, if any, are made. Rule 9(b) requires more. Other than conclusory allegations, Gaskill's Amended Complaint lacks the required detail regarding the alleged fraud perpetrated by Acumen and must be dismissed.

### V. DISMISSAL WITH PREJUDICE IS APPROPRIATE

"A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006). Plaintiffs are not required to prove their case in their complaint, but they need to give enough facts to show that relief is plausible. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1169 (10th Cir. 2010)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).

Under the FCA, a relator is obligated to have provided, upon filing, the United States with "written disclosure of substantially all material evidence and information the [relator] possesses" and must provide a full factual recital of his claim with particularity in the relator's complaint. 31 U.S.C. § 3730(b)(2); Fed. R. Civ. P. Rule 9(b). After receiving notice that the government declined to intervene, Gaskill filed an Amended Complaint. Thus, the Relator has had two opportunities to describe the full factual basis for his complaint. Still, after two tries, the Relator's Amended Complaint still falls woefully short of the FCA pleading requirements.

If more information were available to Gaskill, it would have and should have been included when he filed his amended pleading. Allowing yet another amendment would be futile in this case and dismissal with prejudice is appropriate.

## VI.     CONCLUSION

To avoid dismissal under Rule 9(b), a FCA complaint must provide enough details regarding the alleged fraud to show that the relator is entitled to relief. *Lemmon*, 614 F.3d at 1173. Gaskill's Amended Complaint fails to provide any specific facts to show the 'who, what, when, where and how' of Acumen's alleged scheme, and fails to allege the circumstances of the fraud. Simply put, Acumen has not been put on notice as to the true nature of the claims asserted against it. That is not enough to give Gaskill a free pass to discovery to attempt to ferret out unknown wrongs. The Amended Complaint should be dismissed with prejudice as to Defendant Acumen Fiscal Services, LLC.

Respectfully submitted this 17th day of August, 2018.

*s/ Lance E. Shurtleff*
Lance E. Shurtleff, Esq., WSB# 6-3794
Christine Stickley, WSB# 6-3533
Hall & Evans, LLC
866 N. 4th Street, Suite 3
Laramie, Wyoming 82072
Shurtleff:   (307) 514-0985
Stickley:    (307) 460-3928
Facsimile:  (307) 514-2568
shurtleffl@hallevans.com
stickleyc@hallevans.com

David Robbins, Esq. (admitted *pro hac vice*)
Perkins Coie, LLP,
1201 Third Avenue, Suite 4900,
Seattle, Washington 98101
Telephone:  (206) 359-6745
Facsimile:   (206) 359-7745
E-mail:  DRobbins@perkinscoie.com

**ATTORNEYS FOR DEFENDANT ACUMEN FISCAL AGENT**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 17th day of August, 2018 I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST ACUMEN FISCAL AGENT, LLC FOR FAILURE TO PLEAD WITH PARTICULARITY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to parties of record via electronic mail, *unless otherwise noted*:

*Attorneys for Qui Tam Plaintiffs/Relators*

R. Michael Shickich
Law Offices of R. Michael Shickich, LLC
111 W. 2nd Street, Ste. 500
Casper WY 82601
Phone: 307-266-5297
Fax: 307-266-1261
E-mail: rms@injuryfirm.net

Robert D. Sherlock *(admitted pro hac vice)*
EISENBERG, GILCHRIST & CUTT
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone 801-366-9100
Fax: 801-350-0065
Email: rsherlock@egclegal.com

*Attorneys for Defendant NOWCAP*

Timothy M. Stubson, Esq. (#6-3144)
Mistee L. Elliott (Bar #6-3540)
Crowley Fleck, LLP
111 West 2nd Street, Suite 220
Casper, WY 82601
Telephone: (307) 265-2279
Facsimile: (307) 265-2307
Email: tstubson@crowleyfleck.com
       melliott@crowleyfleck.com

Mark A. Klaasen
United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668

*(via United States Mail)*

          *s/ Erica H. Malloy*
          Erica H. Malloy, Legal Assistant
          HALL & EVANS, LLC