R. Michael Shickich
Law Offices of R. Michael Shickich, LLC
111 W. 2nd Street, Ste. 500
Casper WY 82601
Phone: 307-266-5297
Fax: 307-266-1261
E-mail: rms@injuryfirm.net

Robert D. Sherlock (*admitted pro hac vice*)
rsherlock@egclegal.com
EISENBERG, GILCHRIST & CUTT
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone 801-366-9100
Fax 801-350-0065
Attorney for Qui Tam Plaintiffs/Relators

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* MARK GASKILL <br> Plaintiffs, <br><br> vs. <br><br> DR. GIBSON CONDIE, PH.D.; BIG HORN BASIN MENTAL HEALTH GROUP; NORTHWEST COMMUNITY ACTION PROGRAM OF WYOMING INC.; ACUMEN FISCAL SERVICES; <br><br> DEFENDANTS. <br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. <br><br> 16-cv-201J <br><br><br> MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS (ACUMEN) <br><br><br> ORAL ARGUMENT REQUESTED |

1

# I.
# INTRODUCTION

This action concerns the knowing and intentional submission of factually and legally false claims to Wyoming Medicaid (a Federal Healthcare Program). Defendants also made express and implied certifications and omitted material facts necessary to make their claims not misleading. These actions were undertaken in order to, inter alia, conceal and misrepresent to Medicaid authorities and the Federal government Defendants' fraudulent and knowingly false claims to Wyoming Medicaid in violation of 31 U.S.C. § 3729(a).

With respect to Defendant Acumen Fiscal Agent, LLC, the operative Amended Complaint alleges that it entered into a contractual relationship with Wyoming Medicaid pursuant to an agreement to perform Fiscal Agent services for the Wyoming Medicaid program. As set forth in detail in the Amended Complaint, it did not perform those services and omitted a material element of those service, yet billed Wyoming Medicaid for the full price of those services. Moreover, it paid other persons and distributed funds from the Wyoming Medicaid program (as fiscal agent for the Program) to persons Acumen was statutorily and regulatorily, as well as contractually, prohibited from paying. Acumen's claims to Wyoming Medicaid are false claims. The Amended Complaint fully and adequately alleges all necessary facts and elements under Fed. R. Civ. P. 9(b).

Although Defendant ACUMEN has asked the court to dismiss on the basis of Rule 9(b), Fed. R. Civ. P., such rule is a pleading standard. Rather, the Defendant Acumen's

may be considered a Motion to Dismiss is brought under Fed. R. Civ. P. 12(b)(6). Accordingly, the motion will be addressed below as a Rule 12(b)(6) motion based on alleged deficiencies in pleading under Rule 9(b).

## II.
## STANDARDS OF REVIEW

**A. Rule 12(b)(6):** Dismissal under Rule 12(b)(6) is appropriate <u>only</u> where the complaint lacks any cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hospital Medical Center, 521 F.3d 1087, 1104 (9th Cir. 2008)*. The court's role is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim upon which relief may be granted." *U.S. ex rel. Sikkenga v. Regence Blue Cross Blue Shield,* 472 F.3d 702, 715 (10th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a Rule 12(b)(6) motion, a court must accord the non-movant every favorable inference. *Conley v. Gibson,* 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a 12(b)(6) motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Lewis v. Burger King*, 344 Fed.Appx. 470 (10th Cir. 2009).

There is a strong presumption <u>against</u> dismissing an action for failure to state a claim. See *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir.1997). Under

12(b)(6), a complaint only need plead "'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp., 534 F.3d 1017*, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Defendants' arguments, therefore, must be heavily scrutinized.

**B. Rule 9(b):** Complaints brought under the FCA must comply with the requirements set forth in Rule 9(b). Fed.R. Civ. P. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is "to afford defendant[s] fair notice of plaintiff's claims and the factual ground upon which [they] are based." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *United States ex rel. Polukoff v. St. Mark's Hospital,* 895 F.3d 730 (10th Cir. 2018), quoting *Williams v. Duke Energy Int'l, Inc.,* 681 F.3d 788, 803 (6th Cir. 2012).

Rule 9(b) looks to an *overall view of the Complaint as a whole*. In its overall application, compliance with Rule 9(b) requires only that the plaintiff be specific enough to give . . . Defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. *Neubronner v. Milken, 17 F.3d 666*,672 (9th Cir. 1993) As succinctly stated by the Tenth Circuit, the complaint must provide enough information to

describe a fraudulent scheme to support a plausible inference that false claims were submitted. *Lemmon,* supra, at 1169 (10th Cir. 2010).   Rule 9(b) is generally considered satisfied when a defendant has `fair notice' of the charges against it. *United States v. Kensington Hospital,* 760 F.Supp. 1120, 1126 (E.D.Pa.1991).

Rule 9(b) does *not* require a plaintiff to allege, in detail, all facts supporting each and every instance of fraud. A plaintiff  "cannot be expected to have personal knowledge of the details of corporate internal affairs" in corporate fraud cases. *In re Craftmatic Securities Litigation*, 890 F.2d 628, 645 (3d Cir.1989). Rather, the Court will be satisfied when, on the face of the pleadings it can fairly be said that a defendant is capable of mustering a full defense.  U*nited States ex rel. Polukoff v. St. Mark's Hospital*, 895 F.3d 730 (10th Cir. 2018)

With respect to its actual pleading requirements in False Claims cases, "claims under the FCA need only show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme." *Lemmon, supra*.  The commonplace parlance of claims of fraud states that the complaint must describe the  'who, what, when, where, and how' of the misconduct charged. *United States ex rel. Polukoff v. St. Mark's Hospital*, 895 F.3d 730 (10th Cir. 2018);  *United States ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010); However,  "this is a pleading requirement, not an evidentiary burden" at the pleading stage of the case. *Ebeid,* supra, at 998-99. See also *United States ex rel. Campie v. Gilead Scis., Inc*., 2015 WL 106255, at *6 (N.D. Cal Jan. 7, 2015).   But "in determining whether a plaintiff has satisfied Rule 9(b), courts may consider whether any pleading deficiencies

resulted from the plaintiff's inability to obtain information in the defendant's exclusive control." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016). See also *Polukoff,* supra. This reflects the principle that "Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012) (quotation omitted).

## VI.
### RELATOR'S AMENDED COMPLAINT MORE THAN ADEQUATELY MEETS THE PLEADING REQUIREMENTS OF RULE(9)(B), AND PLEADS A CLEARLY EVIDENT SCHEME TO SUBMIT FALSE CLAIMS

As demonstrated below, Relator's Amended Complaint fully complies with the requirements of Rule 12(b)(6) and Rule (9)(b). First, none of the elements pled in this case are based on pure speculation. All are supported by factual allegations and the reasonable inferences from those factual allegations. The Amended Complaint fully meets the "who, what, when, where, and how" pleading rubric of Rule 9(b) and states claims for relief under Rule 12(b)(6). These include but are not limited to the following:

    **1. Who?** Defendant Acumen, through its officers and agents in Wyoming, with head offices in Mesa, Arizona. (¶¶ 13-15) [1]

    **2. What?** Defendant Acumen directly paid the "self-directed care assistants" (i.e. providers) in reckless disregard of its Federal and state regulatory obligation to

---

[1] "[W]e excuse deficiencies that result from the plaintiff's inability to obtain information within the defendant's exclusive control. *See George*, 833 F.3d at 1255. [Defendant], no doubt, knows which employees handle federal billing for procedures reimbursable under Medicare, and in particular, who reviewed reimbursement claims for [co-defendant] during his decade there. *Polukoff*, supra, at 745.

NOT pay a "provider," regardless of whether the provider was the employee of Acumen or not, unless that provider had been enrolled with Wyoming Medicaid and had been subjected to the required risk-based screening . The enrollment of all providers and their required screening are material requirements for receipt of Medicaid funds. Acumen submitted claims to Medicaid for such payments including its fee (profit) for performing such services. In doing so it expressly and impliedly falsely certified compliance with material requirements necessary to be entitled to such payment. (¶¶ 55-66, 85-90)

     **3. When?**  From not later than the date of initial agreement with Medicaid (2001) through the end of Acumen's agreement with Wyoming Medicaid as the fiscal agent for self-directed services. (¶¶  13-15, 55-66)

     **4. Where?**  The premises and business locations of Defendant Acumen, in Wyoming, with head offices in Mesa, Arizona.  (¶¶ 13-15 )

     **5. How?**  As described in the Amended Complaint,  Defendant Acumen directly paid the "self-directed care assistants" (i.e. providers) regardless of whether the provider was the employee of Acumen or not , ) in reckless disregard of its Federal and state regulatory obligation to NOT pay a "provider," unless that provider had been enrolled with Wyoming Medicaid and had been subjected to the required risk-based screening . Acumen submitted claims to Medicaid for such payments including its fee (profit) for performing such services, and retained millions of dollars in its profit  or fees for performing services it never performed

(¶¶ 55-66, 85-90) and for disbursements it was prohibited, by statute, regulation, and contract, from making.

Acumen has received "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1172 (10th Cir. 2010). Significantly, at no point in their motion does Acumen claim that they cannot tell what they are alleged to have done. It is clear that sufficient specificity has been alleged " to put defendants on notice as to the nature of the claim." *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012). See also *Polukoff , supra.*

## VII.
## LEAVE TO AMEND THE COMPLAINT MUST BE ALLOWED IF THE COURT IS INCLINED TO GRANT DEFENDANTS' MOTION

Leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith* , 203 F.3d 1122, 1127 (9th Cir. 2000) This approach is consistent with Fed. R. Civ. P. 15(a). See *Foman v. Davis,* 371 U.S. 178, 182 (1962) (Rule 15(a)'s mandate "is to be heeded."). See also *U.S. ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048 (9th Cir. 2001). Under Fed. R. Civ. P. 15, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id*. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009); *Moore, et.al. v. Kayport Package Express, Inc., et.al.* 885 F.2d 531 (9th Cir. 1989). In this case, there has been no undue delay (or

delay of any type), no bad faith, dilatory motive, no failures to cure *deficiencies* by previous amendments, certainly no prejudice to any party, and no evidence of futility of amendment. If, and to the extent, that this Court determines that the Amended Complaint may be deficient in any respect, Relators should be given the opportunity to address any issues through further amendment. See also *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (quoting *Miller ex. Rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1250 (10th Cir. 2009) .

## VIII.
## CONCLUSION

The scheme involving the Moving Defendant , Acumen, is more than adequately pled and the claims arising from the conduct by Acumen are false claims. The facts as pled, taken as true at this pleading stage, lead not only to logical and fair inferences supporting the Complaint but also lead to *inevitable, and irrefutable* conclusions in support of the Relators' case.

For all of the foregoing reasons, Moving Defendants' Motion should be denied in its entirety.

Respectfully submitted,

By*:   /s/ Robert D. Sherlock*_____

Robert D. Sherlock (Utah Bar No. 02942)
*(admitted pro hac vice )*
**EISENBERG, GILCHRIST & CUTT**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
rsherlock@egclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I am an attorney at Eisenberg, Gilchrist & Cutt. My business address is 215 S. State Street, Suite 900, Salt Lake City, Utah 84111. I am over the age of eighteen years and not a party to the above-titled action. I certify that on September 7, 2018, a true and correct copy of the following document was served on the following recipients via CM/ECF, the Court's electronic transmission system:

**Plaintiff-Relator's Memorandum In Opposition To Dismiss (NOWCAP)**

Timothy M. Stubson, (Bar #6-3144)
Mistee Elliott (Bar #6-3540)
**Crowley Fleck PLLP**
111 West 2nd Street, Suite 220
(307) 232-6901
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP

R. Michael Shickich
**Law Offices Of R. Michael Shickich, LLC**
1204 East 2nd Street
Casper, WY 82601
rms@injuryfirm.net

**and to the following via United States Mail:**

Mark A. Klaasen
**United States Attorney**
P.O. Box 668
Cheyenne, WY 82003-0668

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 17, 2018

*/s/ Robert D. Sherlock*
Robert D. Sherlock