Timothy M. Stubson (Bar #6-3144)
Mistee L. Elliott (Bar #6-3540)
Crowley Fleck, PLLP
111 W. 2nd, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| EX REL. MARK GASKILL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:16-cv-00201-ABJ |
| | ) | |
| DR. GIBSON CONDIE; BIG HORN | ) | |
| BASIN MENTAL HEALTH GROUP; | ) | |
| NORTHWEST COMMUNITY ACTION | ) | |
| PROGRAM OF WYOMING, INC. AKA | ) | |
| (NOWCAP); ACUMEN FISCAL | ) | |
| AGENT, LLC | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## SECOND AMENDED COMPLAINT

Defendant Northwest Community Action Program of Wyoming, Inc. ("NOWCAP"),

through its counsel Crowley Fleck, PLLP, pursuant to Fed. R. Civ. P. 12(b)(6), moves for dismissal

of Plaintiffs' Second Amended Complaint against it for failure to satisfy the pleading requirements

of Fed. R. Civ. P. 9(b).  In support of its motion to dismiss, NOWCAP advises the Court as follows:

### BACKGROUND

On July 15, 2016, Relator Mark Gaskill ("Relator" or "Gaskill") filed the original

complaint in this matter (under seal), alleging violations of the False Claims Act ("FCA") against

the above-named defendants and others.  On March 8, 2018, the Court entered its *Order on*

1

*Government's Notice of Election to Decline Intervention*, which provided, *inter alia*, that the United States had declined to intervene in this action pursuant to the FCA, 31 U.S.C. § 3730(b)(4)(B) and that the complaint was to be unsealed and served upon the defendants.  On May 29, 2018, Gaskill filed his *Amended Complaint* in this matter, removing certain defendants and claims and revising allegations pertaining to Defendant Condie and Big Horn Basin Mental Health Group in light of Defendant Condie's criminal conviction for healthcare fraud in October 2017.  *See generally Am. Compl*.     Specific to Defendant NOWCAP, Gaskill alleged the existence of a kickback scheme between NOWCAP and Defendant Condie in violation of the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b)(2).

On July 6, 2018, NOWCAP filed its *Motion to Dismiss the Amended Complaint*, arguing that the public disclosure bar precluded the claims against NOWCAP, and also that Gaskill had failed to plead allegations necessary to establish the existence of a kickback scheme with sufficient particularity.  *See generally Mem. in Support of Mot. to Dismiss* and *Reply to Plf.'s Memo in Opp. to Mot. to Dismiss (NOWCAP)*.  On December 7, 2018, the Court entered its *Order Granting Defendant NOWCAP's Motion to Dismiss* ("*Order*").  In dismissing the *Amended Complaint*, the court determined that Gaskill did not plead facts to support his claim under the AKS that NOWCAP provided remuneration to Dr. Condie in return for referrals.  *See Order*, pp. 8-9.  Because Gaskill failed to plead a violation of the AKS, the Court held that he also failed to plead a violation of the FCA, citing 42 U.S. C. § 1320a-7b(g).  *See Order*, p. 9.  Accordingly, the *Amended Complaint* was dismissed without prejudice and Gaskill was allowed to file a second amended complaint by January 15, 2019.

Gaskill filed his *Second Amended Complaint* ("*SAC*") on January 14, 2019.  NOWCAP asserts that this amendment fails to remedy the deficiencies in the *Amended Complaint*, thus warranting dismissal of the *SAC*.

## STANDARD OF REVIEW

The standard of review under Fed. R. Civ. P. 12(b)(6) for claims based on the FCA was previously set forth by the Court as follows:

> A typical FED. R. CIV. P. 12(b)(6) motion requires the Court to first analyze a complaint to determine whether it states a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements," which are thereby not entitled to a presumption of truth.  *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After setting aside any conclusory statements, the Court must then determine whether the remaining "well-pleaded factual allegations" state a claim containing facial plausibility.  *Id.*
>
> But this is not a typical FED. R. CIV. P. 12(b)(6) motion; Relator's *Am. Compl.* Asserts that NOWCAP violated the [FCA] through violation of the [AKS]. Claims based on the FCA must comply with the requirements of FED. R. CIV. P. 9(b).  *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989, 2004 n.6 (2016).  FED. R. CIV. P. 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Claims falling under the ambit of FED. R. CIV. P. 9(b) must provide defendants with "fair notice" of those claims "and the factual ground upon which [they] are based."  *United States ex. rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).  Relators must "show the specifics of a fraudulent scheme and provide an adequate basis for the reasonable inference that false claims were submitted as part of that scheme."  *Id.* at 1172 (citations omitted).

*Order*, at pp. 3-4.

Court's specifically addressing claims under the AKS have further explained that a kickback scheme must be alleged "with particularity under Rule 9(b), including the 'time, place, and substance of the defendant's alleged fraud.'"  *United States v. Choudry*, 262 F.Supp.3d 1299, 1307 (M.D.Fla. 2017).  A relator satisfies Rule 9(b) "by alleging 'the names of the doctors who received the incentives, the names of the defendants' employees who negotiated the incentives

3

with the doctors, precisely what the incentives were, when they were provided, why they were provided, and why they were illegal." *Id.*, *quoting United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 Fed.Appx. 693, 705 (11th Cir. 2014). Allegations that are conclusory or rest on information and belief are not sufficient. *Id.* "Relator is not permitted to conclusorily assert that the defendants are receiving kickbacks and then pursue discovery to support its allegations." *Id.* at 1308.

Further, "it is not enough for a relator to provide details regarding an underlying fraudulent scheme leading to FCA violations. In order to satisfy Rule 9(b), such allegations of wrongful activities must be 'linked to allegations, stated with particularity, of the *actual false claims* submitted to the government.'" *U.S. ex rel. Sharp v. Eastern Oklahoma Orthopedic Center*, 2009 WL 499375, *3 (N.D.Okl. Feb. 27, 2009) (emphasis in original). The type of information needed to satisfy this burden includes: "(1) the dates of the false claims, (2) the content and identification numbers of the forms or the bills submitted, (3) the fees charged to the government, (4) the goods and services for which the government was billed, (5) the persons involved in the billing, and (6) the length of time between the alleged fraudulent practices and the submission of the claims based on those practices." *Id.*, *citing U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006); *see also U.S. ex rel. Digital Healthcare, Inc.*, 778 F.Supp.2d at 44 (In addition to stating time, place and content of false misrepresentations, relator must also identify individuals allegedly involved in the fraud.).

## LEGAL ANALYSIS

Gaskill has attempted three times to state a claim against NOWCAP for violation of the AKS, and has again failed to do so. In its *Order*, the Court provided specific reasons as to why the *Amended Complaint* was deficient. Despite very clear guidance from this court in its prior

order, *SAC* did not cure those deficiencies.   Further, Gaskill continues to bring this Court only generalized insinuations, as opposed to specific allegations regarding transactions alleged to be fraudulent under the FCA.   As a result of these defects, Gaskill's claims against NOWCAP must be dismissed.

I.   **Gaskill's claims should be dismissed because he has failed to state a claim for relief under 42 U.S.C. 1320a-7b(2) with sufficient particularity.**

Gaskill's claims against NOWCAP are premised on an alleged kickback scheme between NOWCAP and Defendants Condie and Big Horn Basin Mental Health Group ("BHB").   Under the AKS, liability can occur if one wrongfully solicits or receives any remuneration, or if one wrongfully offers or pays remuneration.   *See* 42 U.S.C. § 1320a-7b(b)(1), (2).   In the *Amended Complaint*, Gaskill only referenced section (b)(2) of this federal statute, thus, the Court only analyzed whether Gaskill had properly stated a claim that NOWCAP provided remuneration to Dr. Condie and BHB in return for referrals.   Deciding that Gaskill had failed to plead facts to support such a claim under the AKS, the Court noted the following:

> For the referral to constitute a prohibited kickback, the plain language of the AKS requires the entity or person receiving the referral be associated with "furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program."

*See Order*, p. 8.   The Court found that Gaskill's *Amended Complaint* was silent as to "whether NOWCAP is 'funded by federal health care programs' or whether Dr. Condie and BHB referred 'Medicaid patient[s].'"   *See Order*, p. 8.   The Court further explained that,

> [a]s a matter of fact, it appears that NOWCAP could not provide services "for which payment may be made . . . under a Federal health care program" because NOWCAP needed to use Dr. Condie and BHB's "billing identity" to receive such a payment. *Am. Compl.* ¶ 56.   Stated differently, NOWCAP would not need to borrow a "billing identity" if its own identity was independently adequate.   It is incongruous that, in the same breath, Relator condemns NOWCAP for concealing its identity to obtain Medicaid payments while at the same time implying that NOWCAP never needed identity concealment in the first place.

*See Order*, pp. 8-9.  For these reasons, the Court dismissed the *Amended Complaint*.

In an attempt to remedy the stated deficiency that resulted in dismissal, Gaskill added only one substantive factual allegation, which is found at the end of ¶ 54 of the *SAC*:

> For the services under this kickback scheme, BHB billed as if it was the treating provider.  This was necessary because NOWCAP could not, on its own, with the providers it had, and as a psychosocial rehabilitation and community-based services agency, render and bill for the codes (e.g. clinical assessments) with the providers it had on staff.  Nonetheless, Relator is informed and believes it DID purport to render these services; by billing "through" BHB and the scheme, it could receive payment for services it was not permitted or qualified to perform and bill.

While adding more detail to the alleged arrangement between NOWCAP and Defendants Condie and BHB, this new allegation is still silent as to "whether NOWCAP is 'funded by federal health care programs' or whether Dr. Condie and BHB referred 'Medicaid patient[s].'"  *See Order*, p. 8.  Further, Gaskill continues to make the "incongruous" argument that the Court was critical of when analyzing the *Amended Complaint*.   It is clear that Gaskill is unable to plead facts to support his claim that NOWCAP violated the AKS by providing remuneration to Dr. Condie and BHB in exchange for referrals, and dismissal of such claim is warranted.

## II.  Gaskill's claims should be dismissed because he has failed to state a claim under 42 U.S.C. 1320a-7b(1) with sufficient particularity.

To the extent Gaskill is now also relying on the provision in the AKS that imposes liability for soliciting and receiving remuneration to prove NOWCAP violated the AKS (*see* ¶21 of SAC), such claim has not been plead with sufficient particularity.  The only allegation that could support a violation by NOWCAP of 42 U.S.C. § 1320a-7b(b)(1) is found in ¶ 57 of the SAC:

> 57.    Relator is informed and believes that Condie, in addition to providing billing services to NOWCAP for certain Medicaid reimbursable mental health, psychosocial  rehabilitation, and community-based services, also referred developmentally disabled persons to NOWCAP for NOWCAP services.  **Likewise, NOWCAP referred, on a reciprocal basis, enrollees of NOWCAP programs to**

**Defendants BHB and Condie for separately reimbursable services.**  (Emphasis added.)

This highlighted allegation in ¶ 57, for which no factual support is provided, falls far short of satisfying the strict pleading requirements of the FCA.

To prove a violation of the AKS for soliciting or receiving remuneration, Gaskill would have to show that Dr. Condie "(1) knowingly and wilfully, (2) offer[ed] or pa[id] any remuneration, directly or indirectly, (3) to induce [NOWCAP] to refer individuals to [Dr. Condi or BHB] for the furnishing of medical services, (4) paid for by Medicare."  *United States v. Choudry,* 262 F.Supp.3d 1299, 1306-1307 (M.D.Fla. 2017) (internal quotations and citations omitted).  Further, in addition to Gaskill alleging that Dr. Condi and BHB received the incentive of reimbursable services, he also must allege "the names of [NOWCAP'S] employees who negotiated the incentives with [Dr. Condie], precisely what the incentives were, when they were provided, why they were provided, and why they were illegal."  *Id., quoting United States ex. rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 Fed.Appx. 693, 705 (11ᵗʰ Cir. 2014).  Gaskill has provided none of this information.  He has not even alleged that NOWCAP received remuneration from Dr. Condie or BHB for the alleged referrals, nor has he identified the specific individuals allegedly involved in the scheme or any detail regarding the incentives.  Allegations that are conclusory or rest on information and belief, such as those asserted in ¶ 57, are not sufficient.  *Id.*  "[Gaskill] is not permitted to conclusorily assert that [NOWCAP is] receiving kickbacks and then pursue discovery to support [his] allegations."  *Id.* at 1308.  Because of the deficiencies in Gaskill's pleading, his claims against NOWCAP should be dismissed.

### III.   **Allowing further amendment of the pleadings would be futile.**

After three failed attempts to assert claims against NOWCAP for violation of the AKS, allowing further amendments would be futile, warranting dismissal of the *SAC* with prejudice.  *See*

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)) (dismissal with prejudice appropriate if granting leave to amend would be futile).

## CONCLUSION

Gaskill has failed to state a claim against NOWCAP for violation of the AKS and his *SAC* should be dismissed with prejudice.

Dated this 27th day of March, 2019.

CROWLEY FLECK PLLP

/s/ Timothy M. Stubson
TIMOTHY M. STUBSON (Bar #6-3144)
MISTEE L. ELLIOTT (Bar #6-3540)
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
307-265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com

Attorneys for Defendant NOWCAP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the 27th day of March, 2019, a true and correct copy of the foregoing document was served on the following via CM/ECF, the Court's electronic transmission system:

R. Michael Shickich
LAW OFFICES OF R. MICHAEL SHICKICH, LLC
1204 East 2nd Street
Casper, WY 82601
rms@injuryfirm.net

Robert D. Sherlock
EISENBERG, GILCHRIST & CUTT
215 South State Street, Suite 900
Salt Lake City, Utah 84111
rsherlock@egclegal.com

and to the following via United States Mail:

Mark A. Klaasen
United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668

CROWLEY FLECK PLLP,

/s/ Timothy M. Stubson
Timothy M. Stubson, (Bar #6-3144)
Mistee Elliott (Bar #6-3540)
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
(307) 232-6901
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP