Timothy M. Stubson (Bar #6-3144)
Mistee L. Elliott (Bar #6-3540)
Crowley Fleck, PLLP
111 W. 2nd, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| EX REL. MARK GASKILL ) | |
|   ) | |
|   Plaintiffs, ) | |
|   ) | |
|   v. ) | Civil Action No: 1:16-cv-00201-ABJ |
|   ) | |
| DR. GIBSON CONDIE; BIG HORN ) | |
| BASIN MENTAL HEALTH GROUP; ) | |
| NORTHWEST COMMUNITY ACTION ) | |
| PROGRAM OF WYOMING, INC. AKA ) | |
| (NOWCAP); ACUMEN FISCAL ) | |
| AGENT, LLC ) | |
|   | |
|   Defendants. | |

## REPLY TO MEMORANDUM IN OPPOSITION TO
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Northwest Community Action Program of Wyoming, Inc. ("NOWCAP"), through its counsel Crowley Fleck, PLLP, submits its *Reply to Memorandum in Opposition to Motion to Dismiss Second Amended Complaint*, advising the Court as follows:

Plaintiff Mark Gaskill ("Gaskill") does not dispute that claims under the False Claims Act ("FCA") need to be pled with particularity in accord with Fed. R. Civ. P. 9(b). He fails, however, to understand what this means. Despite his contentions to the contrary, theorizing and conjecture, absent specific facts to support allegations that NOWCAP was engaged in an unlawful kick-back scheme, do not satisfy Rule 9(b) pleading standards. *See United States v. Choudhry*, 262

1

F.Supp.3d 1299, 1307 (M.D.Fla. 2017) (improper to merely theorize how kickbacks were funded or infer that such payments are being made if no specific facts to support such allegations are presented); *see also U.S. ex rel. Mastej v. Health Management Associates, Inc.*, 591 Fed.Appx. 693, 706 (11th Cir. 2014) (when alleging a kickback scheme, must include specific information regarding referred patients). Further, "some indicia of reliability must be given in the complaint to support the allegation of an actual false claim for payment being made to the Government." *U.S. ex rel. Mastej v. Health Management Associates, Inc.*, 591 Fed.Appx. 693, 704 (11th Cir. 2014).

It is clear from Gaskill's *Memorandum in Opposition to Motion to Dismiss Second Amended Complaint* ("*Opp. Memo.*") that he believes his conclusory description of the alleged kickback scheme satisfies the Rule 9 pleading requirements. This is so, even though his description of part of the alleged scheme differs in his *Opp. Memo.* as compared to the *SAC*. For example, at paragraph 56 of the *Second Amended Complaint* ("*SAC*"), Gaskill alleges that under the *Services Agreement* referenced therein, former Defendants Condie and Big Horn Basin Mental Health Group ("BHB") received a kickback from NOWCAP (50% cut of the amount billed under the agreement), in return for referring patients to NOWCAP.[1] Then in his *Opp. Memo.* he alleges for the first time that it was actually NOWCAP that was receiving the kickback in the form of the 50% cut, and that by NOWCAP performing services for which BHB would bill Wyoming Medicaid, NOWCAP was effectively referring patients to Condie and BHB even though it was NOWCAP allegedly providing the services to the patients. *Opp. Memo.* p. 11. It cannot be both ways and this inconsistency exposes Gaskill's lack of factual support for the claims he has asserted.

---

[1] As explained in the Court's *Order Granting Defendant NOWCAP's Motion to Dismiss* and in NOWCAP's *Memorandum in Support of Motion to Dismiss Second Amended Complaint*, Gaskill cannot plead facts to support such a claim under the Anti-Kickback Statute.

Gaskill argues that his lack of specificity in this regard is excused because he is not a corporate insider, but he is wrong.

> [W]hile an insider might have an easier time obtaining information about billing practices and meeting the pleading requirements under the False Claims Act, *neither the Federal Rules nor the Act offer any special leniency under these particular circumstances to justify [the relator] failing to allege with the required specificity the circumstances of the fraudulent conduct he asserts in his action.*

*Choudhry*, 262 F.Supp.3d at 1309, *citing U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 (11th Cir. 2002) (emphasis in original).  Thus, Gaskill is not absolved of his obligation to come forward with specific facts to support his claims of fraud, albeit an obligation he has proven he cannot satisfy.  Considering Gaskill has not alleged independent knowledge to support a claim that NOWCAP received a kickback for referring patients to Condie and BHB, and the *Services Agreement* makes no reference to the cross referral of patients between these parties, Gaskill can only speculate that such referrals were occurring, and that remuneration was being paid for those referrals.  The potential harm in allowing such a generalized claim to go forward without the requisite indicia of reliability has been explained as follows:

> When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements.

*Choudhry*, 262 F.Supp.3d at 1308, *citing Clausen*, 290 F.3d at 1313 n.24.  Such is the situation NOWCAP is faced with.

WHEREFORE, for the reasons stated herein and in NOWCAP's memorandum in support of its motion to dismiss the *SAC*, Gaskill has failed to state a claim against NOWCAP for violation of the Anti-Kickback Statute and his *SAC* should be dismissed with prejudice.

Dated this 17th day of April, 2019.

CROWLEY FLECK PLLP

/s/ Mistee L. Elliott
TIMOTHY M. STUBSON (Bar #6-3144)
MISTEE L. ELLIOTT (Bar #6-3540)
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
307-265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com

Attorneys for Defendant NOWCAP

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 17th day of April, 2019, a true and correct copy of the foregoing document was served on the following via CM/ECF, the Court's electronic transmission system:

R. Michael Shickich
LAW OFFICES OF R. MICHAEL SHICKICH, LLC
1204 East 2nd Street
Casper, WY 82601
rms@injuryfirm.net

Robert D. Sherlock
EISENBERG, GILCHRIST & CUTT
215 South State Street, Suite 900
Salt Lake City, Utah 84111
rsherlock@egclegal.com

and to the following via United States Mail:

Mark A. Klaasen
United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668

CROWLEY FLECK PLLP,

/s/ Mistee L. Elliott