Timothy M. Stubson (Bar #6-3144)
Mistee L. Elliott (Bar #6-3540)
Crowley Fleck, PLLP
111 W. 2nd, Suite 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
melliott@crowleyfleck.com
Attorneys for Defendant NOWCAP

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MARK GASKILL | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 1:16-cv-00201-ABJ |
| DR. GIBSON CONDIE; BIG HORN BASIN MENTAL HEALTH GROUP; NORTHWEST COMMUNITY ACTION PROGRAM OF WYOMING, INC. AKA (NOWCAP); ACUMEN FISCAL AGENT, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | | |

---

## DEFENDANT NORTHWEST COMMUNITY ACTION PROGRAM OF WYOMING, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Northwest Community Action Program of Wyoming, Inc. ("NOWCAP"), through its counsel Crowley Fleck, PLLP, hereby submits its answer to the Second Amended Complaint, advising the Court as follows:

1.      In response to paragraph 1 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing and denies that plaintiff is entitled to the relief requested.  In further response to paragraph 1, NOWCAP asserts that the allegations describing the claims alleged in the Second Amended Complaint require no response, but to the extent a response is required, those allegations are denied.

2.      In response to paragraph 2 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing.  In further response to paragraph 2, NOWCAP asserts that the allegations describing the claims alleged in the Second Amended Complaint require no response, but to the extent a response is required, those allegations are denied.

3.      In response to paragraph 3 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing.  NOWCAP is without sufficient knowledge to admit or deny the remaining allegations in paragraph 3 and therefore denies the same.

4.      In response to paragraph 4 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing.  The remaining allegations in paragraph 4 require no response, but to the extent a response is required, those allegations are denied.

5.      The allegations in paragraph 5 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

6.      The allegations in paragraph 6 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

7.      NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 7 of the Second Amended Complaint and therefore denies the same.

8.      In response to paragraph 8 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing.  NOWCAP is without sufficient knowledge to admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9.      There is no paragraph 9 in the Second Amended Complaint.

10.     There is no paragraph 10 in the Second Amended Complaint.

11.      There is no paragraph 11 in the Second Amended Complaint.

12.      In response to paragraph 12 of the Second Amended Complaint, NOWCAP denies that it currently has offices in Worland or Cody.  NOWCAP admits the remaining allegations in paragraph 12.

13.      NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 13 of the Second Amended Complaint and therefore denies the same.  In further response to paragraph 13, NOWCAP asserts that Defendant Acumen Fiscal Agent LLC ("Acumen") is no longer a party to this lawsuit.

14.      NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 14 of the Second Amended Complaint and therefore denies the same.  In further response to paragraph 14, NOWCAP asserts that Defendant Acumen is no longer a party to this lawsuit.

15.      There is no paragraph 15 in the Second Amended Complaint.

16.      There is no paragraph 16 in the Second Amended Complaint.

17.      The allegations in paragraph 17 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

18.      The allegations in paragraph 18 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

19.      The allegations in paragraph 19 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

20.     The allegations in paragraph 20 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

21.     The allegations in paragraph 21 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

22.     The allegations in paragraph 22 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

23.     The allegations in paragraph 23 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

24.     The allegations in paragraph 24 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

25.     The allegations in paragraph 25 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

26.     The allegations in paragraph 26 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

27.     The allegations in paragraph 27 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

28.     In response to paragraph 28 of the Second Amended Complaint, NOWCAP admits that the Federal Government pays a portion of Medicaid costs through the Federal Medical Assistance Percentage.  NOWCAP is without sufficient knowledge to admit or deny the remaining allegations in paragraph 28 and therefore denies the same.

29.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 29 of the Second Amended Complaint and therefore denies the same.  In further response to paragraph 29, NOWCAP asserts that the referenced form speaks for itself, requiring no response, but to the extent the allegations in paragraph 29 misstate the content or effect of the referenced form, those allegations are denied.

30.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 30 of the Second Amended Complaint and therefore denies the same.

31.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 31 of the Second Amended Complaint and therefore denies the same.  In further response to paragraph 31, NOWCAP asserts that the referenced form speaks for itself, requiring no response, but to the extent the allegations in paragraph 31 misstate the content or effect of the referenced form, those allegations are denied.

32.     The allegations in paragraph 32 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

33.     The allegations in paragraph 33 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

34.     The allegations in paragraph 34 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

35.     The allegations in paragraph 35 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

36.     The allegations in paragraph 36 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

37.     The allegations in paragraph 37 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

38.     The allegations in paragraph 38 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.  In further response to paragraph 38, NOWCAP is without sufficient knowledge to admit or deny any allegations regarding the alleged conduct of Defendant Acumen, no longer a party to this case, and therefore denies the same.

39.     The allegations in paragraph 39 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

40.     The allegations in paragraph 40 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

41.     The allegations in paragraph 41 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

42.     The allegations in paragraph 42 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

43.     The allegations in paragraph 43 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

44.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 44 of the Second Amended Complaint and therefore denies the same.  In further response to paragraph 44, NOWCAP asserts that Defendant Acumen is no longer a party to this lawsuit.

45.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 45 of the Second Amended Complaint and therefore denies the same.

45 (Second).  The allegations in the second paragraph 45 of the Second Amended Complaint contain legal conclusions that require no response, but to the extent a response is required, those allegations are denied.

46.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 46 of the Second Amended Complaint and therefore denies the same.

47.     There is no paragraph 47 in the Second Amended Complaint.

48.     There is no paragraph 48 in the Second Amended Complaint.

49.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 49 of the Second Amended Complaint and therefore denies the same.

50.     In response to paragraph 50 of the Second Amended Complaint, NOWCAP asserts that the referenced criminal prosecution speaks for itself, requiring no response, but to the extent the allegations in paragraph 50 are inconsistent with the nature, scope and outcome of the referenced criminal prosecution, those allegations are denied.

51.     There is no paragraph 51 in the Second Amended Complaint.

52.     There is no paragraph 52 in the Second Amended Complaint.

53.     NOWCAP denies the allegations in paragraph 53 of the Second Amended Complaint.

54.     In response to paragraph 54 of the Second Amended Complaint, NOWCAP asserts that the referenced Service Agreement speaks for itself, requiring no response, but to the extent the allegations in paragraph 54 are inconsistent with the terms or effect of the referenced Service Agreement, those allegations are denied.  In further response to paragraph 54, NOWCAP denies any allegation of wrongdoing, is without sufficient knowledge to admit or deny allegations regarding the actions of BHB and therefore denies the same, and asserts that any allegations as to what NOWCAP could or could not do are legal conclusions requiring no response, but to the extent a response is required those allegations are denied.

55.     In response to paragraph 55 of the Second Amended Complaint, NOWCAP asserts that the referenced Service Agreement speaks for itself, requiring no response, but to the extent the allegations in paragraph 55 are inconsistent with the terms or effect of the referenced Service

Agreement, those allegations are denied.  In further response to paragraph 55, NOWCAP denies any allegation of wrongdoing, and is without sufficient knowledge to admit or deny allegations regarding the actions of BHB and therefore denies the same.

56.      NOWCAP denies the allegations in paragraph 56 of the Second Amended Complaint.

57.      NOWCAP denies the allegations in paragraph 57 of the Second Amended Complaint.

58.      NOWCAP denies the allegations in paragraph 58 of the Second Amended Complaint.

59.      The allegations in paragraph 59 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

60.      The allegations in paragraph 60 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

61.      The allegations in paragraph 61 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

62.      There is no paragraph 62 in the Second Amended Complaint.

63.      The allegations in paragraph 63 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

63 (Second).   The allegations in the second paragraph 63 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

64.      The allegations in paragraph 64 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

65.      The allegations in paragraph 65 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

66.      The allegations in paragraph 66 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

67.      There is no paragraph 67 in the Second Amended Complaint.

68.      There is no paragraph 6 in the Second Amended Complaint.

69.      There is no paragraph 69 in the Second Amended Complaint.

70.      There is no paragraph 70 in the Second Amended Complaint.

71.      There is no paragraph 71 in the Second Amended Complaint.

72.      There is no paragraph 72 in the Second Amended Complaint.

73.      There is no paragraph 73 in the Second Amended Complaint.

74.      There is no paragraph 74 in the Second Amended Complaint.

75.      There is no paragraph 75 in the Second Amended Complaint.

76.      There is no paragraph 76 in the Second Amended Complaint.

77.      There is no paragraph 77 in the Second Amended Complaint.

78.     There is no paragraph 78 in the Second Amended Complaint.

79.     There is no paragraph 79 in the Second Amended Complaint.

80.     In response to paragraph 80 of the Second Amended Complaint, NOWCAP incorporates its responses to paragraphs 1-79 above as though fully restated herein.

81.     NOWCAP denies the allegations in paragraph 81 of the Second Amended Complaint to the extent such allegations are directed to NOWCAP.  In further response to paragraph 81, NOWCAP is without sufficient knowledge to admit or deny allegations regarding the actions of BHB and therefore denies the same.

82.     In response to paragraph 83 of the Second Amended Complaint, NOWCAP denies that it received payments from Wyoming Medicaid pursuant to the Service Agreement at issue, denies any allegation of wrongdoing, and is without sufficient knowledge to admit or deny allegations regarding payments to other defendants and therefore denies the same.

83.     NOWCAP is without sufficient knowledge to admit or deny the allegations in paragraph 83 of the Second Amended Complaint and therefore denies the same.

84.     NOWCAP denies the allegations in paragraph 84 of the Second Amended Complaint.

85.     In response to paragraph 85 of the Second Amended Complaint, NOWCAP incorporates its responses to paragraphs 1-84 above as though fully restated herein.

86.     The allegations in paragraph 86 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

87.     The allegations in paragraph 87 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

88.     The allegations in paragraph 88 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

89.     The allegations in paragraph 89 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

90.     The allegations in paragraph 90 of the Second Amended Complaint are directed to Defendant Acumen, no longer a party to this case, and require no response by NOWCAP, but to the extent a response is required those allegations are denied.

91.     There is no paragraph 91 in the Second Amended Complaint.

92.     There is no paragraph 92 in the Second Amended Complaint.

93.     There is no paragraph 93 in the Second Amended Complaint.

94.     There is no paragraph 94 in the Second Amended Complaint.

95.     In response to paragraph 95 of the Second Amended Complaint, NOWCAP denies any allegation of wrongdoing and denies that plaintiff is entitled to the relief requested.

96.     NOWCAP denies each and every allegation in the Second Amended Complaint that is not expressly admitted herein.

### AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred or limited due to waiver, laches and/or estoppel.

3.      Plaintiff's claims are precluded by the public disclosure bar.

4.      Plaintiff's claims are barred or limited by or to the extent of any payment made by Dr. Gibson Condie or Big Horn Basin Mental Health Group, Inc. pursuant to the criminal matter referenced in paragraph 50 of the Second Amended Complaint.

5.      NOWCAP reserves the right to plead additional affirmative defenses that may become known through investigation and discovery, and NOWCAP has not knowingly or intentionally waived any applicable affirmative defenses.

WHEREFORE, NOWCAP prays for judgment as follows:

A.      That the Second Amended Complaint against it be dismissed, with prejudice, and that it be awarded costs and disbursements, including attorney's fees.

B.      That NOWCAP have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated this 17th day of July, 2019.

> CROWLEY FLECK PLLP
>
> /s/ Mistee L. Elliott
> TIMOTHY M. STUBSON (Bar #6-3144)
> MISTEE L. ELLIOTT (Bar #6-3540)
> Crowley Fleck PLLP
> 111 West 2nd Street, Suite 220
> Casper, WY 82601
> 307-265-2279
> tstubson@crowleyfleck.com
> melliott@crowleyfleck.com
>
> Attorneys for Defendant NOWCAP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the 17th day of July, 2019, a true and correct copy of the foregoing document was served on the following via CM/ECF, the Court's electronic transmission system:

    R. Michael Shickich
    LAW OFFICES OF R. MICHAEL SHICKICH, LLC
    1204 East 2nd Street
    Casper, WY 82601
    rms@injuryfirm.net

    Robert D. Sherlock
    EISENBERG, GILCHRIST & CUTT
    215 South State Street, Suite 900
    Salt Lake City, Utah 84111
    rsherlock@egclegal.com

and to the following via United States Mail:

    Mark A. Klaasen
    United States Attorney
    P.O. Box 668
    Cheyenne, WY 82003-0668

                CROWLEY FLECK PLLP,

                /s/ Mistee L. Elliott
                Timothy M. Stubson, (Bar #6-3144)
                Mistee Elliott (Bar #6-3540)
                Crowley Fleck PLLP
                111 West 2nd Street, Suite 220
                (307) 232-6901
                tstubson@crowleyfleck.com
                melliott@crowleyfleck.com
                Attorneys for Defendant NOWCAP